## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| LAURI SULLIVAN-STEFANOU  5800 Sovereign Drive  Cincinnati, OH  45242 | Case No._____ |
| and | CLASS ACTION COMPLAINT |
| JARROD BYER  3732 Sachem Avenue  Cincinnati, OH  45226 | DEMAND FOR JURY TRIAL |
| and | |
| CARLY BYER  3732 Sachem Avenue  Cincinnati, OH  45226 | |
| and | |
| on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| APPLE, INC.  1 Infinite Loop  Cupertino, CA  95014 | |
| Defendants. | |

Plaintiffs Lauri Sullivan-Stefanou, Jarrod Byer and Carly Byer ("Plaintiffs"), individually and on behalf of a class of all those similarly situated as defined herein, allege the following upon information and belief, except as to those allegations concerning Plaintiffs, which are alleged upon personal knowledge. Plaintiffs' information and belief are based upon, among other things, their undersigned counsels' investigation. Plaintiffs believe that substantial additional evidentiary support exists for the allegations set forth herein.

## SUMMARY OF THE ACTION

1. This is a class action on behalf of owners of all versions of the iPhone 6 and/or iPhone 7 who were harmed when their devices' software was updated by any of the following: iOS 10.2.1 (released on January 23, 2017); iOS 10.3 (released on March 27, 2017); iOS 10.3.1 (released on April 3, 2017); iOS 10.3.2 (released on May 15, 2017); iOS 10.3.3 (released on July 19, 2017); iOS 11.0.1 (released on September 26, 2017); iOS 11.0.2 (released on October 3, 2017): iOS 11.0.3 (released on October 11, 2017); iOS 11.1 (released on October 31, 2017); iOS 11.1.1 (released on November 9, 2017); iOS 11.1.2 (released on November 16, 2017); iOS 11.2 (released on December 2, 2017); and iOS 11.2.1 (released on December 13, 2017) (collectively referred to as "iOS 10 and 11 Updates" or "Updates"). These Updates to the iPhone operating system caused Plaintiffs' and class members' devices to be significantly slower and interfered with the normal usage of the phones.

2. Plaintiffs allege that Defendant Apple Inc. ("Apple" or "Defendant") engaged in deceptive trade practices and false advertising in violation of Ohio Deceptive Trade Practices Act, §4165.01 *et seq.;* and engaged in common law fraud by failing to disclose to owners of the iPhones 6 and 7 that the iOS 10 and iOS 11 Updates significantly and negatively interfere with their phones' performance. Rather, Apple touted the increased phone performance that would result from the Updates.

3. Apple has since admitted that through the iOS 10 and iOS 11 Updates, Apple deliberately prevents chips in the iPhone 6 and iPhone 7 from reaching their full processing power. The result is that instead of enhancing the performance of the iPhone 6 and iPhone 7 as

Apple represented, the iOS 10 and iOS 11 Updates were designed to limit the devices' performance in certain circumstances.

4. Having updated their phones at Apple's instruction, Plaintiffs and the putative Class must either continue using devices with significant lag time that interferes with their ordinary use, or purchase new phones for hundreds of dollars, or now they can purchase a new battery.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) because (1) there are more than 100 class members, (2) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (3) at least one member of the punitive class is a citizen of a State other than that of the citizenship of Defendant. Further, more than two-thirds of the putative Class reside in states other than the State in which Defendant is domiciled, such that any exceptions to jurisdiction under 28 U.S.C. §1332(d) do not apply.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and §1391(c) because Defendant engaged in deceptive trade practices and common law fraud in this District, has caused harm to the Class in this District, provided a substantial volume of goods to this District, and conducts a substantial amount of business within this District. Thus, Apple has purposefully availed itself of the privileges of conducting business within the State of Ohio and this District.

## PARTIES

7. Plaintiff Lauri Sullivan-Stefanou resides in Cincinnati, Ohio and is the owner of an iPhone 6s. She followed Apple's directions and twice updated her phone. Since then, her

3

phone has exhibited significantly slower processing speed, Apps take longer to open and when searching for contacts, the phone takes exceptionally long to locate a contact. In addition, upon updating the phone, once re-booted, her phone instructed her to link to Apple i-Pay and requested her credit card information, which she refused to provide. There was no instruction to decline linking to Apple i-Pay nor any mention of i-Pay in the settings. Mrs. Stefanou resolved the issue only after a Google search, which showed her how to turn off the prompt. Overall, her phone responds slowly to inputs and rapidly loses its charge; its overall performance has substantially deteriorated. Prior to owning the 6s, Mrs. Stefanou owned a 4s, which became inoperable. Her only remedy was to purchase a new phone.

8. Plaintiff Jarrod Byer resides in Cincinnati, Ohio and was the owner of an iPhone 6. In the Fall of 2017, Mr. Byer followed Apple's directions to update his iPhone. Afterward, his phone lost the ability to connect to cellular service. Consequently, Mr. Byer's iPhone 6 was unable to make telephone calls, send texts, or connect to the internet unless within range of accessible wi-fi service. Within a week of the update, Mr. Byer took his iPhone to the Apple store in Hamilton County, Ohio. Apple employees ran diagnostic tests on the phone, but were unable to repair any of the problems. They told him his only solution was to purchase a replacement phone, which he was forced to do.

9. Plaintiff Carly Byer resides in Cincinnati, Ohio and is the owner of an iPhone 7. In December 2017, she followed Apple's instructions to update her phone. Immediately afterward, her iPhone lost all functionality and shut down. Ms. Byer's iPhone 7 was rendered useless by the updates that Apple instructed her to install on her iPhone 7.

10. Defendant Apple Inc. is a California corporation with its principal offices at 1 Infinite Loop, Cupertino, CA 95014. Apple sells its iPhones in its own retail stores located

throughout the country, including Hamilton County, Ohio, online, and also through third parties. Apple engineers and licenses to iPhone users its iOS software, the only operating system Apple permits on its devices.

## FACTUAL BACKGROUND

11. Apple purposely installed software designed to inhibit the performance of older model iPhones after it introduced new iPhone models as part of a strategy to induce its customers to purchase new iPhones.

12. All iPhones are powered by lithium-ion batteries. By nature, the capacity of lithium-ion batteries degrades over time. However, the processing speed of iPhones should not normally diminish as a function of battery capacity. Apple's intentional conduct causes processing speeds to slow dramatically once the battery condition of the iPhone 6 and the iPhone 7 reaches a certain state.

13. Plaintiffs all followed Apple's instructions to update their iPhones. After the Updates, Plaintiffs' phones slowed down significantly, with delayed responses to touch interactions, application launches, and other problems with the phones' performance or a complete failure of performance. The updates caused performance problems in all aspects of the iPhone's functionality, including core functions like the phone, email, text messages, contacts, etc.

14. Upon information and belief, other Class members experienced similar functionality issues with the iPhone 6 and the Phone 7 after downloading the iOS 10 and iOS 11 Updates.

15.     Upon information and belief, Defendant does not allow iPhone owners to revert their iOS 10 or iOS 11 software to previous, better functioning versions of iOS.  Nor does Defendant warn consumers that the update is irreversible.

16.     Further, Plaintiffs and Class members had no choice but to update their devices' software to iOS 10 and iOS 11.  Defendant's software constantly reminded Plaintiffs and Class members through pop-up messages that appeared on the devices' home screens that the software needed to be updated and that an update was available for download.  These reminders were constant and disruptive (e.g., the reminders would not disappear until the user responded to the message) and the reminders did not cease until the owner had updated the software as directed.

17.     In its repetitive advertising of the pop-up messages, Defendant never disclosed the negative aspects of the Updates.

18.     Even if an iPhone owner tried to ignore the constant reminders, eventually the owner was forced to update the software because the Apps on the devices would ultimately be outdated and could not be updated unless the iPhone was running the latest iOS software.

19.     The first of these Updates was released on January 23, 2017 – four months after the launch of the iPhone 7 and iPhone 7 plus.  The iOS 10.2.1 update promised improved security: "includes bug fixes and improves the security of your iPhone or iPad."



iOS 10.2.1
Apple Inc.
72.1 MB

iOS 10.2.1 includes bug fixes and improves the security of your iPhone or iPad.

For information on the security content of Apple software updates, please visit this website:
https://support.apple.com/en-gb/HT201222

20.     Unbeknownst to iPhone 6, iPhone 6 Plus, and iPhone 6s owners, Apple inserted code into the iOS version 10.2.1 that deliberately slowed down the processing performance of these phones by linking each phone's processing performance with its battery health.  Absent the code inserted by Apple, the reduced battery capacity of these phones would not have negatively affected processing performance.

21.     The iOS 10.3 and 10.3.1 updates promised new functionality:  "iOS 10.3 introduces new features including the ability to locate AirPods using Find my iPhone and more ways to use Siri with payment, ride booking and automaker [caremaker] apps."

22.     The iOS 10.3.2 and 10.3.3 updates promised enhancements to security: "iOS 10.3.2 includes bug fixes and improves the securities of your iPhone or iPad."

23.     The iOS 11.1 update promised functional improvements to the iPhone: "iOS 11.1 includes bug fixes and improvements for your iPhone or iPad."

24.     On December 2, 2017, within two months of the release of the iPhone 8 and iPhone X (September 22, 2017 and November 3, 2017 respectively), the iOS 11.2  update was released.  It promised additional features and improvements, including "Apple Pay:



iOS 11.2
Apple Inc.
430.7 MB

iOS 11.2 introduces Apple Pay Cash to send, request and receive money from friends and family with Apple Pay. This update also includes bug fixes and improvements.

For information on the security content of Apple software updates, please visit this website:
https://support.apple.com/en-gb/HT201222

25. Plaintiffs and Class members are forced to either use a slow iPhone with Apple Pay automatically downloaded, pay hundreds of dollars for a new phone, or now they can purchase a new battery.

26. Defendant's deceptive practices and misleading advertising caused harm and economic loss to Plaintiffs and the Class. Some Class members have been forced to purchase new smartphones.

27. Defendant knew that the functionality of the iPhone 6 and the iPhone 7 and/or performance would be negatively affected by the iOS 10 and iOS 11 Updates before the updates were released to the public. Responding to a report on the sluggish iPhones, on December 20, 2017, Apple publicly admitted that the iOS 10 and iOS 11 Updates deliberately slowed down older iPhones, including the iPhone 6 and iPhone 7, without warning consumers:

> *Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions. We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in the future.*

28. On December 28, 2017, after public criticism, Apple apologized for "how we have communicated":

> *We've been hearing feedback from our customers about the way we handle performance for iPhones with older batteries and how we have communicated that process.*
>
> *We know that some of you feel Apple has let you down. We apologize. There's been a lot of misunderstanding about this issue, so we would like to clarify and let you know about some changes we're making.*

29. While Apple claims that the deliberate slow-down in functionality was designed to offset shut-down issues with older batteries, Plaintiffs have experienced *reduced* battery life since the iOS 10 and iOS 11 Updates.

30. Defendant did not warn iPhone 6 and iPhone 7 owners of the potential consequences of downloading the iOS 10 and iOS 11 Updates until months after the updates were released to the public.

31. Instead, Defendant deceptively touted the necessity of the Updates and the improvements of the new software that would result from the Updates. For example, in advertising for the security updates on its website, Apple emphasizes the necessity of the updates, stating: "Keeping your software up to date is one of the most important things you can do to maintain your Apple product's security." (https://support.apple.com/en.us/HT201222).

32. ***Nowhere did Apple ever disclose that its updates would negatively affect the iPhones and their functionality.***

## CLASS ACTION ALLEGATIONS

33. This action is brought on behalf of the named Plaintiffs and as a Class Action pursuant to Rule 23(b)(1), (2), (3) and 23(c) of the Federal Rules of Civil Procedure on behalf of the following proposed "Class" or "Class Members":

> All persons residing in Ohio who own or have owned an iPhone 6 and/or iPhone 7 that was updated to any of the following: iOS 10.2.1 (released on January 23, 2017); iOS 10.3 (released on March 27, 2017); iOS 10.3.1 (released on April 3, 2017); iOS 10.3.2 (released on May 15, 2017); iOS 10.3.3 (released on April 3, 2017); iOS 10.3.3 (released on July 19, 2017); iOS 11.0.1 (released on September 26, 2017); iOS 11.0.2 (released on October 3, 2017); iOS 11.0.3 (released on October 11, 2017); iOS 11.1 (released on October 31, 2017); iOS 11.1.1 (released on November 9, 2017); iOS 11.1.2 (released on November 16, 2017); iOS 11.2 (released on December 2, 2017) and iOS 11.2.1 (released on December 13, 2017).

34. The Class is so numerous that joinder of all the members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time, it can be ascertained through appropriate discovery. Plaintiffs believe that there are thousands of members in the putative Class.

35. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact commons to the Class are:

   a. whether Defendant's statements and advertisements to iPhone 6 and iPhone 7 owners concerning the iOS 10 and iOS 11 Updates constitute an unfair or deceptive business practice in violation of Ohio's Deceptive Trade Practices Act.

   b. whether Defendant engaged in unfair or deceptive business practices in violation of Ohio's Deceptive Practices Act by using the iOS 10 and iOS 11 Updates to limit the performance of the iPhone 6 and the iPhone 7.

   c. whether Defendant engaged in unfair or deceptive business practices in violation of Ohio Deceptive Practices Act when it failed to disclose/omitted facts and/or disclaimers to owners of the iPhone 6 and the iPhone 7 regarding the adverse effect of the iOS 10 and iOS 11 Updates on the performance of the devices.

   d. whether Defendant engaged in unfair or deceptive business practices in violation of Ohio Deceptive Practices Act when it made the iOS 10 and iOS 11 Updates virtually mandatory for download to iPhone 6 and iPhone 7 owners.

  e. whether Defendant made material false representations of facts regarding the iOS 10 and iOS 11 Updates, knowing that the representations were false.

  f. whether Defendant made these material false representations with the intent to mislead Plaintiffs and Class members as to the purpose of the iOS 10 and iOS 11 Updates.

  g. whether Plaintiffs' and Class members' reliance on Defendant's material misrepresentations was justified.

36. Plaintiffs' claims are typical of the claims of the members of the Class as all Class members are similarly affected by Defendant's deceptive conduct.  Plaintiffs and other Class Members were harmed by Defendant's statements, advertisements, and the degraded functionality of their devices.  All Class members have been harmed by Defendant's failure to disclose to warn iPhone 6 and iPhone 7 owners that the iOS 10 and iOS 11 Updates would significantly impact the performance of their devices.

37. Plaintiffs will fairly and adequately protect the interests of the members of the Class.  Plaintiffs' claims are coextensive with, and not antagonistic to, the claims of other Class members.  Plaintiffs are willing and able to prosecute this action on behalf of the Class and have retained counsel competent and experienced in class action litigation.

38. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually seek

redress for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

39.     Plaintiffs bring this action pursuant to Rule 23(b)(3) because common questions of law and fact predominate over issues that tare individual to members of the Class. The proposed Class is sufficiently cohesive to warrant class and representative treatment. Upon information and belief, Defendant has the ability and the records that would permit Plaintiffs a plausible class-wide method for proving the case. Certification under Rule 23(b)(3) is also appropriate because a class action is superior to other available methods for the fair and efficient adjudication of this action. The expense of litigating each Class members' claim individually would be so cost prohibitive as to deny Class members a viable remedy. Plaintiffs do not anticipate any difficulty in the management of the action as a class action.

40.     Plaintiffs also bring this action pursuant to Rule 23(b)(3) because Defendant has acted or refused to act on grounds generally applicable to all Class members, thereby making final injunctive relief concerning the Class as a whole appropriate. In the absence of appropriate injunctive relief, Defendant will continue is unfair and deceptive practices. Defendant's uniform conduct towards Plaintiffs and other Class Members makes certification of a Rule 23(b)(c) class appropriate.

## FIRST CAUSE OF ACTION

**(Violation of Ohio's Deceptive Trade Practices Act §4165.01 *et seq.*)**

41.     Plaintiffs incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

42.     Defendant's conduct was consumer oriented because Defendant falsely advertised, made materially misleading statements, and negligently, recklessly or knowingly

12

omitted/failed to disclose material information to consumers throughout Ohio regarding the performance of its product and software.

43. By reason of the foregoing, and as a result of Defendant's conduct, Plaintiffs and the Class have been harmed economically and by losing use of a functional iPhone. Plaintiffs and the Class are entitled to damages and attorneys' fees pursuant to Ohio's Deceptive Practices Act.

## SECOND CAUSE OF ACTION

### (Common Law Fraud)

44. Plaintiffs incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

45. Defendant omitted and/or misrepresented material facts to Plaintiffs and Class members through its advertising and public statements.

46. Defendant had knowledge of the failure to disclose and/or misrepresentations of material facts and that this was done with an intent to mislead Plaintiffs and Class members.

47. Plaintiffs and Class members justifiably relied on Defendant's misrepresentations.

48. Plaintiffs and Class members suffered damages as a result of Defendant's actions.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and the Class respectfully pray for judgment and relief in their favor against the Defendant, as follows:

A. Awarding Plaintiffs and the Class damages to the maximum amount allowed;

B. Awarding reasonable attorneys' fees;

C. Enjoining Defendant's unlawful practices; and

D.    Granting such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiffs demand a jury on all claims so triable.

Respectfully submitted,

| | |
|---|---|
| **/s/ Richard S. Wayne** | **/s/ Phyllis E. Brown** |
| Richard S. Wayne (0022390) | Phyllis E. Brown (0037334) |
| Joseph J. Braun (0069757) | Adam S. Brown (0078803) |
| STRAUSS TROY CO., LPA | BROWN LAW FIRM, LLC |
| The Federal Reserve Building | 250 E. 5th Street, Suite 1500 |
| 150 East Fourth Street | Cincinnati, OH  45202 |
| Cincinnati, Ohio  45202-4018 | Telephone:  513-878-2700 |
| (513) 621-2120 – Telephone | Facsimile:  513-906-8690 |
| (513) 629-9426 – Facsimile | Email:  pbrown@blfohio.com |
| Email:  rswayne@strausstroy.com |            abrown@blfohio.com |
|            jjbraun@strausstroy.com | |
| | *Attorneys for Plaintiffs* |
| *Attorneys for Plaintiffs* | |
| 40789 | |